## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

HOSEA WORD,

                Plaintiff,

      v.

THE CITY OF CHICAGO, EDDIE
JOHNSON, EUGENE WILLIAMS,
and AL WYSINGER,

              Defendants.

No. 18 CV 141

## MOTION FOR REASSIGNMENT BASED ON RELATEDNESS

Plaintiff, Hosea Word, pursuant to Northern District of Illinois Local Rule 40.4, respectfully requests that this Court make a finding that the lawsuit captioned *Hosea Word v. The City of Chicago, et. al.*, (No. 18 CV 07220) currently pending before the Honorable Judge Elaine E. Bucklo is sufficiently related to this matter, and that it is appropriate for the *Word* case to be reassigned to this Court. In support thereof, Plaintiff states as follows:

1.      According to Local Rule 40.4(a) "cases are related if they: (1) involve the same property; (2) involve the same issues of fact or law; (3) grow out of the same transaction or occurrence; or (4) in a class action, one or more of the classes involved are the same." N.D. Ill. R. 40.4(a).

2.      On October 29, 2018, Plaintiff filed a Complaint (No. 18 CV 07220) alleging that the Defendants retaliated against the Plaintiff for challenging the exam cheating that is the subject of this pending action. (**Exhibit A**.)

3.     The 18 CV 07220 action was brought under Title VII of the Civil Rights Act of 1964 and the Illinois Whistleblower Act, 740 ILCS 174, alleging retaliation based on Plaintiff's complaint about the exam cheating. *Id.*

4.     Both this action and the 18 CV 07220 action arise out of the same facts and occurrence.

5.     Reassignment is also appropriate under Local Rule 40.4(b)if: (1) both cases are pending in the Northern District of Illinois; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and, (4) the cases are susceptible of disposition in a single proceeding. N.D. Ill. R. 40.4(b).

6.     Here, both cases are pending in the Northern District of Illinois, the handling of both cases by this Court would save judicial time and effort, the above-captioned case has not progressed such that transfer would cause any delay, and the cases are susceptible of disposition in a single proceeding.

7.     Transferring the 18 CV 07220 case and handling that case as related to this case would save a substantial amount of judicial and party resources.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an order pursuant to Northern District of Illinois Local Rule 40.4 finding that the 18 CV 07220 case is related to the case at bar and that reassigning the 18 CV 07220 case to this Court is appropriate, and for such other and further relief this Court deems just.

**DATED:**    November 20, 2018

PLAINTIFF HOSEA WORD

By:  /s/ Christopher W. Carmichael
One of his Attorneys

Victor P. Henderson
Christopher W. Carmichael
Breanna N. Kantor
**HENDERSON PARKS, LLC**
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60603
Tel.: (312) 262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com
bnkantor@henderson-parks.com

## CERTIFICATE OF SERVICE

The undersigned, Breanna N. Kantor, an attorney, hereby certifies that Plaintiff's **Motion for Reassignment Based On Relatedness** was served on November 20, 2018, in accordance with Fed.R.Civ.P. 5, LR 5.5, and the General order on electronic Case filing (ECF), pursuant to the district court's ECF system as to the ECF filers, and was sent by first class mail or by hand delivery to non-ECF filers, if any.

By:     /s/ Breanna N. Kantor

4

# EXHIBIT

# A

 

**FILED**

OCT 2 9 2018

THOMAS G. BRUTON
CLERK, U.S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOSEA WORD,

                          Plaintiff,

        v.

THE CITY OF CHICAGO, EDDIE
JOHNSON, NAKIA FENNER,
and MARYET HALL,

                      Defendants.

No. 2018 CV _____

Jury Trial Demanded

**1:18-cv-07220
Judge Elaine E. Bucklo
Magistrate Judge Sheila M. Finnegan**

## COMPLAINT

Plaintiff Hosea Word, for this complaint against Defendants the City of
Chicago, Eddie Johnson, Nakia Fenner, and Maryet Hall, alleges as follows:

1.     This is an action brought under Title VII of the Civil Rights Act of
1964 and the Illinois Whistleblower Act, because Defendants retaliated against the
Plaintiff for reporting the sharing of answers for the Chicago Police Department's
lieutenant's examination with three female sergeants to the Office of the Inspector
General.

2.     The promotions of three female sergeants who were involved with
senior CPD leadership were facilitated by, among other things, the provision of the
answers to the lieutenant's test.

3.     After Plaintiff reported the scheme to rig the examination to the Office
of the Inspector General, the Defendants sought to learn who reported the cheating.

4.     After learning Plaintiff's identity, the Defendants hatched a plan to retaliate against the Plaintiff.

5.     Defendants initiated an internal complaint against Plaintiff, setting him up for discipline and termination, and transferred one of the conspirators to Plaintiff's unit to be Plaintiff's immediate supervisor.

6.     Defendants took these steps to deter reporting of misconduct by demonstrating to all members of CPD that reporting misconduct will lead to repercussions.

### Jurisdiction and Venue

7.     Jurisdiction is proper pursuant to 28 U.S.C. § 1343(a)(3) & (4), which confers original jurisdiction in a civil action to redress the deprivation of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States under color of any State law, statute, ordinance, regulation, custom, or usage, and to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

8.     Jurisdiction is also proper pursuant to 28 U.S.C. § 1331, which confers original jurisdiction in a civil action arising under the Constitution or laws of the United States, and under 28 U.S.C. § 1367, which confers supplemental jurisdiction over the state law claims.

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), because the Defendants reside within this District, and because the events

- 2 -

or omissions giving rise to the claims alleged occurred and continue to occur within this District.

## Parties

10.    Plaintiff Hosea Word is a Sergeant in the Chicago Police Department.

11.    Sergeant Word has been a Chicago police officer since 1993 and sergeant since 2001.

12.    Sergeant Word is assigned to Public Transportation Section unit 701 of the CPD.

13.    The City of Chicago is a municipal corporation organized under the laws of the State of Illinois.

14.    The Chicago Police Department is a component of the City government.

15.    The Police Department operates under the direction of a Superintendent who is appointed by the Mayor and approved by the City Council.

16.    The Superintendent sets policy and directs the culture of the CPD, in consultation with the Mayor and other policymakers within the City government.

17.    Defendant Eddie Johnson is the Superintendent of the CPD.

18.    Defendant Nakia Fenner is a lieutenant with the CPD and is married to Eddie Johnson.

19.    Defendant Maryet Hall is a lieutenant with the CPD and is married to former First Deputy Superintendent Al Wysinger.

- 3 -

20. The CPD is divided into Bureaus and Divisions, and within those divisions and bureaus are sections and units.

21. The Superintendent along with the First Deputy Superintendent, Chiefs, and Deputy Chiefs have the authority to promote, transfer, and discipline officers within the CPD.

22. The policies and practices of the CPD described are directed, approved, supervised, and implemented by the Superintendent in consultation with the other Defendants.

23. Defendants are and were at relevant times employees of the City of Chicago.

24. Defendant Johnson's actions were within the scope of his employment and within the scope of his authority as manager and policymaker overseeing the operations of the CPD.

25. Defendant Johnson had supervisory and final policymaking authority within the CPD.

26. Each act or omission alleged was done under color of authority and color of law vested in the City of Chicago as a municipal corporation within the State of Illinois.

27. The acts of the Defendants are not isolated; rather, they constitute a pattern and practice so permanent and well-settled as to constitute an actionable "custom or usage."

- 4 -

28.     The City of Chicago was aware of prior instances of cheating and manipulation of the testing process.

29.     The City of Chicago is aware of the "thin blue line" and "code of silence" within the CPD.

30.     The City of Chicago encourages and supports the code of silence by ensuring that whistleblowers are attacked, disciplined, and pushed out of CPD.

### Facts

31.     The primary function of the Police Department is the protection of persons and property within the City of Chicago.

32.     The CPD employs approximately 12,000 full-time officers.

### Promotions and Examinations

33.     Examinations are administered to join the CPD and to be promoted within the Department.

34.     The examinations are supposed to be fair and are administered by a third-party to create the appearance of fairness.

35.     The third-party provider uses "subject matter experts" from the CPD to create the test, and those "subject-matter experts" are given access to the test before it is administered.

36.     Those officers that take the test are ranked in order of performance.

37.     Promotions from the ranking list are generally done in order of the highest ranking first.

38.     The promotion of officers within the CPD affects the general public.

39.     The promotion of competent and knowledgeable officers ensures that proper police procedures are followed and the civil rights of the citizens of Chicago are respected.

40.     The promotion of unqualified or underqualified persons to higher ranks within the CPD leads to violations of citizens' civil rights and to problems detailed in the Justice Department report.

41.     Key among the Justice Department's findings was the "[i]nadequate training and supervision" of CPD officers.

42.     When unqualified or underqualified persons are promoted to higher ranks within the CPD, those persons are more likely to authorize or condone the use of excessive force against civilians and are not as knowledgeable or capable of employing or instructing others on de-escalation.[1]

43.     Unfortunately, officers within the CPD are often promoted based on clout and not based on competence or knowledge.

44.     The failure to promote competent and qualified officers leads to, among other things, fatal errors in police procedures and judgment.

45.     The systemic problems within the CPD as identified by the United States Department of Justice can be traced to the wrongful promotion of officers.

---

[1] U.S. DEP'T OF JUSTICE CIVIL RIGHTS DIVISION AND U.S. ATTORNEY'S OFFICE NORTHERN DISTRICT OF ILLINOIS, INVESTIGATION OF THE CHICAGO POLICE DEPARTMENT (2017), https://www.justice.gov/opa/file/925846/download; U.S. DEP'T OF JUSTICE CIVIL RIGHTS DIVISION AND U.S. ATTORNEY'S OFFICE NORTHERN DISTRICT OF ILLINOIS, FACT SHEET: THE DEPARTMENT OF JUSTICE PATTERN OR PRACTICE INVESTIGATION OF THE CHICAGO POLICE DEPARTMENT (2017), https://www.justice.gov/opa/file/925851/download.

### The "Study Group"

46.     Defendant Johnson, along with former Deputy Chief Eugene Williams and Wysinger sought to advance the careers of their wives and girlfriends within the CPD.

47.     The wives and girlfriends did not score in the top tier on the lieutenant's examination administered in 2006, so Johnson, Williams, and Wysinger asked then Superintendent Gary McCarthy to promote their wives and girlfriends.

48.     Superintendent McCarthy declined to promote the wives and girlfriends outside of the testing process.

49.     Johnson, Williams, and Wysinger therefore decided to assist their wives and girlfriends with the test, so that their wives and girlfriends would score well and be promoted.

50.     A new lieutenant's examination was administered in 2015.

51.     Williams was a "senior subject matter expert" for the lieutenant's examination and had access to the test before it was administered.

52.     The wives and girlfriends formed a study group for the lieutenant's test and Williams provided access to the test materials.

53.     With access to the test materials, the wives and girlfriends were able to dramatically improve their performance on the test.

54.     In 2016, Johnson, Williams, and Wysinger began using the results from the new test and promoted their wives and girlfriends from the new list.

55.     The wives and girlfriends were subsequently sworn in as lieutenants.

56.     Plaintiff learned that the lieutenant's test had been manipulated to assist the wives and girlfriends and reported that to the Inspector General.

Retaliation

57.     The Defendants sought to learn who made the complaint to the Inspector General and to retaliate against that person for breaking the code of silence in the CPD.

58.     The Defendants obtained the identity of the reporting individuals, which is confidential information that the Inspector General's Office should not have shared.

59.     The Inspector General, however, disregarded procedure and confidentiality due to pressure from the Mayor to protect his newly installed Superintendent.

60.     Defendants obtained the identity of the Plaintiff as part of a plan to retaliate against Plaintiff for reporting the testing irregularities to the Inspector General.

61.     Defendant Nakia Fenner initiated an internal CPD complaint against Plaintiff for lawfully reporting to the Inspector General.

62.     Plaintiff was already required to report and provide a statement to investigators on the complaint.

63.     Plaintiff can be disciplined and fired based on the complaint initiated by Fenner.

64.     The determination of Fenner's complaint against Plaintiff rests with Defendant Johnson and those who report to him and depend on him to determine or influence their career prospects (promotions, assignments, pay raises, etc.).

65.     Regardless of the disposition of the complaint, the complaint will remain in Plaintiff's file for a minimum of seven years and will affect his career at the CPD.

66.     Plaintiff is and was assigned the CPD's public transportation unit.

67.     The public transportation unit is not a "district patrol unit" and is a desirable unit within the CPD.

68.     Plaintiff was able to be assigned to the public transportation unit after 15 years and having significant seniority.

69.     Newly promoted personnel, such as Hall, are normally rotated among different assignments to gain experience.

70.     Hall, as a newly promoted lieutenant, would choose last among assignments.

71.     Numerous personnel would have priority over Hall for a desirable assignment such as the public transportation unit.

72.     Hall was transferred to Plaintiff's unit and assigned to the same shift as Plaintiff.

73.     Hall should not have been able to transfer into Plaintiff's unit, let alone be assigned as the supervising lieutenant for Plaintiff's shift.

74.     Hall was transferred despite the fact that there was no open lieutenant's position for the transportation unit or that shift.

75.     The Defendants disregarded internal practices to create a lieutenant's position in the transportation unit and assign Hall to that position.

76.     The transfer placed Hall in a position to be Plaintiff's direct supervisor.

77.     With over 12,000 sworn officers and over fifty different units, the possibility that Hall would be assigned to be the supervising lieutenant for Plaintiff's shift is statistically unlikely.

78.     Hall, with Defendant Johnson's aid and consent, was transferred to Plaintiff's unit where she could be Plaintiff's supervisor.

79.     As a supervisor in Plaintiff's unit, Hall is in a position to discipline Plaintiff.

80.     Hall's assignment to Plaintiff's unit and shift caused Plaintiff to change shifts, to a less-desirable shift, to attempt to minimize the ability of Hall to supervise and discipline Plaintiff.

81.     Defendants initiated the complaint and transferred Hall into Plaintiff's unit to demonstrate to all the officers that Defendants can do whatever they like without repercussion and to reinforce the code of silence.

### Count I
(Johnson and City of Chicago)

### Retaliation - Title VII

82.     Paragraphs 1 through 81 are incorporated herein.

83.     Title VII protects those who report misconduct.

- 10 -

84.    Plaintiff engaged in a protected activity by reporting misconduct and discrimination to the Inspector General.

85.    Materially adverse actions have been taken against Plaintiff by the City of Chicago and Johnson, including by:

      a.  The internal complaint that was filed against Plaintiff for reporting misconduct and discrimination; and

      b.  Transferring Hall to be Plaintiff's immediate supervisor and forcing Plaintiff to change shifts.

86.    There is a direct connection between Plaintiff's protected activity and the adverse actions.

87.    The internal complaint filed by Fenner cites the protected activity as its basis; and the transfer of Hall to be Plaintiff's supervisor is connected to Plaintiff's protected activity.

88.    The acts taken against Plaintiff would not have occurred but for Plaintiff's protected activity.

89.    Plaintiff timely reported the retaliation to the EEOC and was provided a right to sue letter.  **(Exhibit A.)**

90.    **WHEREFORE,** Plaintiff prays that the Court:  (1) enter preliminary and permanent injunctive relief terminating the complaint against Plaintiff and transferring Defendant Hall out of Plaintiff's unit; (2) prohibit the Defendants from further retaliating against the Plaintiff; (3) award Plaintiff the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees; and

(4) awarding all relief to which Plaintiff may be entitled, even if he has not
demanded that relief in the pleadings.

## Count II
(Johnson and City of Chicago)

### Retaliation – Whistleblower Act

91.     Paragraphs 1 through 91 are incorporated herein.

92.     The Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.*, protects
employees from retaliation by employers who disclose information that is in
violation of any State or Federal law, or rule or regulation.

93.     The General Assembly created a statutory scheme guarantees access
to public employment based on fair considerations of the applicants' qualifications
and forbid cheating.

94.     The General Assembly determined that "[n]o person or officer shall . . .
willfully or corruptly furnish to any person any special or secret information for the
purpose of either improving or injuring the prospects or changes of any person so
examined, or to be examined, being appointed, employed, or promoted." 65 ILCS
5/10-1-26.

95.     The General Assembly further decreed that: "All examinations shall
be competitive among such members of the next lower rank as desire to submit
themselves to examination." 65 ILCS 5/10-2.1-15.

96.     The City of Chicago has an Ethics Ordinance that applies to all City
workers, which, among other things, prohibits the use of any nonpublic information
obtained through the performance of one's duties for private gain, prohibits the use

of a position to influence action for financial gain, and prohibits advocacy for employment of any City employee's relative or spouse.

97.     The CPD has Rules and Regulations, including Rule 4, that prohibits conduct or actions taken to use an official position for personal gain or influence.

98.     The City of Chicago also has a binding "hiring plan" that is purportedly intended to ensure that the selection of personnel for employment and promotions within the CPD is based on the knowledge, skills, and ability to perform the job.

99.     Plaintiff engaged in activity protected by the Illinois Whistleblower Act by reporting misconduct and discrimination to the Inspector General.

100.    Retaliatory actions have been taken against the Plaintiff by the City of Chicago and Johnson, including by:

> a. The filing of an internal complaint against Plaintiff for reporting misconduct and discrimination; and
>
> b. Transferring Hall to be Plaintiff's immediate supervisor and forcing Plaintiff to change shifts.

101.    There is a direct connection between Plaintiff's protected activity and the retaliatory actions.

102.    The internal complaint filed by Fenner cites the protected activity as its basis; and the transfer of Hall to be Plaintiff's supervisor is connected to Plaintiff's protected activity.

103.    The retaliatory acts taken against Plaintiff would not have occurred but for Plaintiff's protected activity.

104.    The retaliation was overseen by Johnson and confirmed by the City of Chicago.

105.    Plaintiff reported the retaliation to the CPD's EEO counselor and to the Inspector General, neither of whom took action to remedy the retaliation.

**WHEREFORE**, Plaintiff prays that the Court:  (1) enter preliminary and permanent injunctive relief terminating the complaint against Plaintiff and transferring Defendant Hall out of Plaintiff's unit; (2) prohibit the Defendants from further retaliating against the Plaintiff; (3) award Plaintiff the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees; and (4) awarding all relief to which Plaintiff may be entitled, even if he has not demanded that relief in the pleadings.

**<u>Count III</u>**
(Fenner and Hall)

**Civil Conspiracy**

106.    Paragraphs 1 through 105 are incorporated herein.

107.    Defendants Fenner and Hall worked together with the intent to harm Plaintiff.

108.    Defendants Fenner and Hall agreed to work together to retaliate against Plaintiff for reporting misconduct and discrimination.

109.    Defendants Fenner and Hall used an internal complaint process to retaliate against Plaintiff.

110. Defendants Fenner and Hall used their influence to transfer Hall to Plaintiff's unit and install her as his supervisor as retaliation for reporting misconduct and discrimination.

. 111. Defendants' retaliation against Plaintiff are unlawful and illegal.

112. The acts of retaliation were done pursuant to a common scheme.

WHEREFORE, Plaintiff prays for entry of a judgment in his favor and against Defendants Fenner and Hall, that damages be awarded in an amount in excess of $50,000 against Defendants Fenner and Hall, and for an award of such other and further relief as deemed just and equitable under the circumstances.

<u>Count IV</u>
(City of Chicago)

**Indemnification – 745 ILCS 10/2-302**

113. Paragraphs 1 through 112 are incorporated herein.

114. This action was instituted and asserts claims against current employees of a local public entity based on injuries allegedly arising out of acts or omissions occurring within the scope of employment.

115. Pursuant to Illinois law, the City of Chicago shall indemnify the employee or former employee for any judgment based on the claims asserted in this action, or for a compromise or settlement of the claims asserted in this action.

WHEREFORE, Plaintiff prays that, pursuant to 745 ILCS 10/2-302, the City of Chicago indemnify and pay any judgment or settlement rendered against any of the Defendants.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**DATED: October 29, 2018.**

**PLAINTIFF HOSEA WORD,**

By:  Victor P. Henderson
One of his Attorneys

Victor P. Henderson
Christopher W. Carmichael
Breanna N. Kantor
**HENDERSON PARKS, LLC**
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60603
Tel.: (312) 262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com
bnkantor@henderson-parks.com

# EXHIBIT

# A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Hosea Word, PhD<br>17 W. Brayton<br>Chicago, IL 60628 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| **EEOC Charge No.** | **EEOC Representative**<br>Gregory T. Mucha,<br>Investigator | **Telephone No.** |
| 440-2018-06788 | | (312) 869-8135 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_Julianne Bowman_ 7/30/18

Enclosures(s)

Julianne Bowman,
**District Director**
(Date Mailed)

cc: Eileen Geary
Chief Assistant Corporation Counsel
CITY OF CHICAGO DEPARTMENT OF LAW
30 North Lasalle Street - Room 1040
Chicago, IL 60602

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
PH. (312) 869-8000
TTY: (312) 869-8001
ENFORCEMENT FAX: (312) 869-8220
STATE & LOCAL FAX: (312) 869-8077
LEGAL FAX (312) 869-8124

FILE REVIEWS FAX: (312) 869-8220
MEDIATION: (312) 869-8060
HEARINGS FAX (312) 869-8125

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to Sylvia Bustos and either mailed to the address above, faxed to (312) 869-8220 or sent via email to sylvia.bustos@eeoc.gov (please chose only one method. no duplicate requests). *Be sure to include your name, address, phone number and EEOC charge number with your request.*

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

* **Before filing a lawsuit,** but within 90 days of your receipt of the Right to Sue, or

* **After your lawsuit has been filed.** If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the entire court complaint (with court stamped docket number) or enough pages to determine whether it was filed based on the EEOC charge.

If you are the *Respondent* you may be granted access to the file *only after* a lawsuit has been filed. Include with your request a copy of the entire court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure before you are granted access to the file, which will be sent to you after receipt of your written request. (Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

The process for access to the file will begin no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office.

Your file will be copied by **Aloha Print Group, 60 East Van Buren, Suite 1502, Chicago, IL 60605, (312) 542-1300.** You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, it is recommended that you first review your file to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent in its entirety to the copy service, **and you will be responsible for the cost.** Payment must be made directly to Aloha Print Group, which charges 15 cents per page.

(Revised 04 30 2016, previous copies obsolete)

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

### PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21 D" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

### ATTORNEY REPRESENTATION

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

### DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.