# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HOSEA WORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18-cv-141 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| CITY OF CHICAGO, EDDIE, | ) |
| JOHNSON, EUGENE WILLIAMS | ) |
| and AL WYSINGER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Hosea Word, brings this action against the City of Chicago and three employees of the Chicago Police Department: Superintendent Eddie Johnson, First Deputy Superintendent Al Wysinger, and Chief for Bureau Organizational Development Eugene Williams (collectively, "the defendants") under 42 U.S.C. § 1983, alleging violations of the Equal Protection and Due Process clauses of the United States Constitution as well as breach of contract under Illinois law. Currently before the Court is the defendants' motion to dismiss [22] Word's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion to dismiss is granted. This case is dismissed.

## BACKGROUND

The following facts are summarized from the Complaint and are taken as true for the purpose of this motion. Word has been employed as a sergeant in the Chicago Police Department since 2001. The defendant-officers ("Individual Defendants") were also employed by the Chicago Police Department during the relevant time. Though their names are not mentioned in the

1

complaint, Word alleges that the Individual Defendants all have wives or girlfriends who are also Chicago Police Department sergeants ("Chicago Police Sergeants").

In 2015, the Chicago Police Department administered a lieutenant exam. Word states that Officer Williams had access to the 2015 lieutenant exam and provided answers to the Chicago Police Sergeants, who formed a study group for the 2015 test. Word asserts that with access to the exam, the Chicago Police Sergeants made dramatic improvements from the 2006 exam. Officer Wysinger's wife, for example, went from ranking 280th on the 2006 exam to 1st on the 2015 exam. Word was ranked 150th after taking the 2006 exam. After taking the 2015 exam, Word's ranking was 280th.

Word alleges the defendants had a duty under the rules, statutes, and Chicago Police Department hiring plan to conduct fair exams and promotion of police officers. Word further states that the Individual Defendants, as officers with policymaking authority for the Chicago Police Department, engaged in a pattern or practice of manipulating the lieutenant exam. According to Word, the City was aware of this pattern of manipulating the exam but failed to provide him with an opportunity to contest alleged misconduct.

In Count I, Word alleges a violation of both the Equal Protection and Due Process clauses of the United States Constitution under section 1983. In Count II, Word asserts that the defendants breached the contract to conduct the 2015 lieutenant exam. Finally, Word seeks indemnification against the City in Count III.

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and raises the right to relief above a speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.

2

Ed. 2d 929 (2007). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**DISCUSSION**

The defendants argue that Word's section 1983 and breach of contract claims both fail under 12(b)(6). The Court will address each issue in turn.

*1. Section 1983 Claim*

The defendants argue that Word's section 1983 claims should be dismissed for failure to state a claim. To establish a section 1983 violation, Word must demonstrate that (1) the defendants, under color of state law, (2) deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011). It is well established that a section 1983 claim "do[es] not create substantive rights," but is an avenue "for vindicating federal rights conferred elsewhere." *Id.* (internal citation omitted). Under either a Due Process or Equal Protection claim, Word must establish that the defendants deprived him of a protected property interest. *See Moore v. Munci Police and Fire Merit Com'n*, 312 F.3d 322, 326 (7th Cir. 2002) (internal citation omitted). Property interests can be created by state law. *See id.*

Chicago Police Departments officers have a protected property interest in their continued employment. *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004). However, they do not generally have a protected property interest in a prospective promotion. *See Wilson v. City of Chicago*, No. 12 C 06391, 2013 WL 4401364 at *1 (N.D. Ill. Aug. 15, 2013) (Tharp, J.) (granting the defendant's 12(b)(6) motion against plaintiff's section 1983 claim alleging Chicago Police Department supervisors helped certain officers cheat on sergeant's exam) (citing *Bigby v. City of Chicago*, 766 F.2d 1053, 1056 (7th Cir. 1985)). This is partly because, unlike in smaller Illinois municipalities, the promoting officials of the Chicago Police Department have discretion to choose

3

among the highest rated applicants. *United States v. City of Chicago*, 869 F.2d 1033, 1036 (7th Cir. 1989); *Chamberlain v. Civil Service Com'n of Village of Gurnee*, 18 N.E.3d 50, 64, 385 Ill.Dec. 50 (2d Dist. 2014) ("[W]hen the promoting authority has discretion to choose among candidates on a promotion list, an employee does not have a property interest in a prospective promotion by virtue of his or her name being on that list").

In his complaint, Word alleges that his constitutional rights were violated by the defendants' conduct regarding the 2015 lieutenant exam. Word cites 65 ILCS 5/10-1-26 for the argument that "Illinois law creates a protectable property interest in fair civil service examinations." Dkt. 30 at 4. The statute, which addresses civil servant exams, reads in pertinent part:

> No person shall . . . willfully or corruptly furnish to any person any special or secret information for the purpose of either improving or injuring the prospects or chances of any person so examined, or to be examined, being appointed, employed or promoted.

65 ILCS 5/10-1-26. While Word attempts to frame the issue as an allegation of the denial of his property interest in a fair exam, the Seventh Circuit construes these allegations as a denial for promotion. *See Bigby*, 766 F.2d at 1056 ("For it is not the examination that the applicant is interested in—no one likes takings tests—but the job"). But even regarding the lieutenant's exam, an expectation of a fair test does not equate to a constitutionally protected property interest. *Id.* (finding that Illinois law created an expectation of a legitimate test "but, as the Illinois courts have held, not so firm and definite an expectation as to be 'property' in a constitutional sense") (citing *Sullivan v. Board of Fire & Police Comm'rs*, 430 N.E.2d 636, 640, 103 Ill.App.3d 167, 172 (1981)). Under *Bigby*, Word's section 1983 claims fail for lack of property interest.

Word cites *Mueller v. Board of Fire and Police Com'rs of Village of Lake Zurich*, 643 N.E.2d 255, 267 Ill.App.3d 726 (1994) and *Peoria Police Sergeants v. City of Peoria Bd. of Fire & Police Com'rs*, 574 N.E.2d 1240, 215 Ill.App.3d 278 (1991) in support of the argument that Illinois courts, post-*Bigby*, have have now created a constitutionally protected property interest in fair exams. Word is incorrect.

Neither *Mueller* nor *Peoria* addressed the issue of constitutional property interests. In *Mueller*, the court held that the Board's decision to remove the plaintiff's name from a list of those eligible for promotion was subject to review. 643 N.E.2d at 257, Ill.App.3d at 728. Furthermore, the court in *Peoria Police Sergeants* held that the governing Board violated Illinois statute by publishing a list of polices officers eligible for promotion to lieutenant without considering seniority and ascertained merit. Word fails to demonstrate how these cases support his arguments. Similarly, Word provides no legal support for the argument that city ordinances or the hiring plan creates a constitutionally protected property interest.

Word also fails to state a *Monell* claim against the City of Chicago. Word alleges that the Individual Defendants engaged in a pattern of manipulating the exam. To state a *Monell* claim under section 1983, Word must plead facts that allows the Court to reasonably infer that the City maintained a policy or practice of discrimination. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Merely stating that the Individual Defendants engaged in a pattern or practice is insufficient. Word alleges no facts to support his *Monell* claim, but simply asserts legal conclusions that "may be disregarded on a motion to dismiss." *See id.* at 617 (internal citation omitted).

The Court understands Word's frustrations regarding the alleged conduct with the lieutenant exam. Under Seventh Circuit precedent, however, Word does not have a protectable property interest in a prospective promotion or the exam process. *Bigby*, 766 F.2d at 1056. Consequently, Word fails to state a section 1983 claim. Accordingly, the defendants' motion to dismiss Word's section 1983 claim is granted. Word's claim is dismissed.

Because Word's federal claims are dismissed for failure to state a claim, the Court need not address the defendants' arguments regarding the statute of limitations or qualified immunity.

*2. Breach of Contract Claim*

The defendants argue that Word's breach of contract claim should be dismissed. To state a claim for breach of contract, Word must demonstrate: (1) a valid contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) injury. *Landale Signs and Neon, Ltd. v. Runnion Equipment Co.*, 274 F.Supp.3d 787, 792 (N.D. Ill. 2017) (Blakey, J.) (citing *Van Der Molen v. Washington Mut. Finance, Inc.*, 835 N.E.2d 61, 69, 359 Ill.App.3d 813, 823 (4th Dist.)). In Illinois, there is a strong presumption against third-party beneficiaries unless express language in the contract identifies the third-party beneficiary. *Martis v.Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 924, 388 Ill.App.3d 1017, 1020 (3rd Dist.).

Word alleges that the City of Chicago made an offer to him to apply for the lieutenant's exam and then breached the contract by conducting a tainted examination. Alternatively, Word argues that he was an intended third-party beneficiary of the contract between the City and the independent vendor in charge of administering the exam.

The defendants argue that Word's breach of contract claim fails because there was never an offer. The Court agrees. Word does not attach a contract or refer to any specific language that demonstrates an offer was made. So far as Word is referring to the job announcement, the language of the announcement[1] itself makes clear that no contract exists:

> NOTE: THIS EXAM ANNOUNCEMENT IS NOT AN OFFER OF PROMOTION. COMPLETION OF ANY STEP OR ALL STEPS IN THE POLICE LIEUTENANT EXAM PROCESS OR BEING PLACED ON THE ELGIBILITY LIST DOES NOT GUARANTEE PROMOTION, OR OTHERWISE CREATE ANY RIGHT OR CLAIM TO PROMOTION.
>
> NOTE: AT ANY TIME DURING THE HIRING PROCESS . . . THE CHICAGO POLICE DEPARTMENT RESERVE THE RIGHT TO MODIFY THE SELECTION PROCESS, THE TEST SCHEDULE, AND/OR IMPOSE ANY ADDITIONAL TESTS, STANDARDS, OR QUALIFICATIONS

---

[1] The defendants attached the lieutenant exam announcement to its motion to dismiss. As the defendants correctly point out, a court may consider documents attached to a 12(b)(6) motion if they are referred to in the Complaint and are central to his claim. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (internal citation omitted).

> DEEMED APPROPRIATE TO EVALUATE APPLICANTS FOR THIS
> POSITION.

Dkt. 22-3. Word has not demonstrated that a contract offer exists. Word, furthermore, provides no support to overcome the strong presumption against third-party beneficiaries without express language in any contract. *See Martis*, 905 N.E.2d at 924, 388 Ill.App.3d at 1020. As such, the Court finds that Word fails to state a claim for breach of contract. The defendants' motion to dismiss Word's breach of contract claim is granted.

**CONCLUSION**

For the reasons explained above, the defendants' motion to dismiss [22] Word's Complaint is granted. Word's Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 1/23/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge